UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60292-CIV-ZLOCH

AIM RECYCLING FLORIDA, LLC, a
foreign limited liability company; and LKQ
PICK YOUR PART SOUTHEAST, LLC, a
foreign limited liability company,

  Plaintiffs,

v.

METALS USA, INC., a Florida corporation;
UNIVERSAL SCRAP MANAGEMENT,
LLC, a Florida limited liability company;
OBED LENDIAN, an individual; and
SAMUEL ABREU, an individual,

  Defendants.
_____/

**PLAINTIFFS AND DEFENDANT SAMUEL ABREU'S
JOINT MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

  Plaintiffs AIM Recycling Florida, LLC and LKQ Pick Your Part Southeast, LLC (collectively, "Plaintiffs"), and Defendant Samuel Abreu ("Abreu") jointly move this Court to dissolve its Order Granting Preliminary Injunction [D.E. 26] (the "Preliminary Injunction") to allow for distributions to Plaintiffs pursuant to their settlement agreement (the "Settlement Agreement"), and in support state:

**BACKGROUND**

  On April 17, 2018, the Court entered the Preliminary Injunction, which provided, in relevant part, that Abreu was "temporarily restrained and enjoined" from "transferring, selling, [or] . . . dissipating" any assets held by Abreu or under his direct or indirect control. *Id.*

On July 3, 2018, Plaintiffs and Abreu entered into the Settlement Agreement. Pursuant to the terms thereof, Abreu agrees to make scheduled payments to Plaintiffs beginning no later than three (3) business days from the entry of an order releasing the existing freeze on assets held by him or under his control. Upon completion of the payments, Plaintiffs agreed to dismiss Abreu from this action within five (5) days.

## ARGUMENT

The equitable nature of injunctive relief gives the district courts wide discretion throughout the course of the lawsuit to make modifications to the injunction. *Sea-Land Serv., Inc. v. Int'l Longshoremen's Ass'n of New York*, 625 F. 2d 38, 40 (5th Cir. 1980). Upon an application for modification or dissolution of a preliminary injunction, a party must show a change of circumstances that justifies the relief requested. *Agostini v. Felton*, 521 U.S. 203, 215 (1997). Modification is proper when there has been "a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *CWI, Inc. v. LDRV Holdings Corp.*, 2013 WL 12123229, at *2 (M.D. Fla. Oct. 16, 2013) (quoting *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337-38 (3rd Cir. 1993).

The settlement in this case between Plaintiffs and Abreu constitutes a change of circumstances that warrants the dissolution of the injunction. The Settlement Agreement resolves all disputes between the parties in this action upon Abreu's satisfaction of his payment obligations under the same. But, in order for Abreu first to comply with those payment obligations, the Preliminary Injunction must be dissolved. Accordingly, Plaintiffs and Abreu respectfully request that the Court enter an Order unfreezing his assets so that Abreu can comply with his obligations under the Settlement Agreement.

As this Court previously recognized, a natural corollary to the district court's equitable power to freeze assets is that "a court may unfreeze those assets when equity requires." *F.T.C. v. IAB Mktg. Assocs., LP*, 2013 WL 2433214, at *2 (S.D. Fla. June 4, 2013). Equity in this case requires that Abreu's assets be unfrozen to allow for his compliance with the terms of the Settlement Agreement.

## CONCLUSION

Plaintiffs respectfully request this Court enter an order dissolving the Preliminary Injunction to allow Abreu to comply with the terms of the Settlement Agreement. A proposed Order is attached as Exhibit "A".

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Plaintiffs, Benton Curtis, Esq., and counsel for Defendant Samuel Abreu, Paul D. Petruzzi, Esq., conferred and agree to the relief requested in this Motion.

Dated: July 10, 2018

By: __/s/ Benton Curtis__
Oliver Benton Curtis, III, Esq.
Florida Bar No. 118156
Ryan K. Todd, Esq.
Florida Bar No. 91679
Sara M. Klco, Esq.
Florida Bar No. 060358
**BROAD AND CASSEL LLP**
One Financial Plaza, 27th Floor
Ft. Lauderdale, FL 33394
bcurtis@broadandcassel.com
rtodd@broadandcassel.com
sklco@broadandcassel.com
Telephone: (305) 373-9400
Fax: (305) 373-9443
*Counsel for Plaintiffs*

Respectfully submitted,

By: __/s/ Paul Petruzzi__
Paul Petruzzi, Esq.
Florida Bar No. 982059
**Law Offices of Paul D. Petruzzi, P.A.**
8101 Biscayne Blvd., PH-701
Miami, FL 33138
petruzzi-law@msn.com
Telephone: (305) 770-6550
Fax: (305) 373-3832
Counsel for Defendant Samuel Abreu

Case No. 18-60292-CIV-ZLOCH

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Benton Curtis*
Oliver Benton Curtis, III, Esq.
