UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60292-BLOOM/VALLE

AIM RECYCLING OF FLORIDA, LLC,
a foreign limited liability company, and LKQ
PICK YOUR PART SOUTHEAST,
LLC, a foreign limited liability company,

       Plaintiffs,
  v.

METALS USA, INC., a Florida corporation;
UNIVERSAL SCRAP MANAGEMENT, LLC,
a Florida limited liability company, OBED LENDIAN,
an individual, and SAMUEL ABREU, an individual,

       Defendants.
_____/

**DEFENDANTS' REQUEST FOR AN EVIDENTIARY HEARING AND
ORAL ARGUMENT ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
PLEADINGS (D.E. 189) AND MOTION TO SHOW CAUSE WHY COUNSEL FOR
PLAINTIFFS SHOULD NOT BE DISQUALIFIED (D.E. 190)**

Defendants Obed Lendian ("Mr. Lendian") and Metals USA, Inc. ("Metals USA") (collectively "Defendants"), by and through his undersigned counsel, and pursuant to Local Rule 7.1(b)(2), respectfully request that the Court hold an evidentiary hearing and allow oral argument on Defendants' Motion to Strike Plaintiffs' Pleadings (the "Motion to Strike") (D.E. 189) and Defendants' Motion for an Order to Show Cause Why Counsel For Plaintiffs Should Not Be Disqualified (the "Motion to Disqualify") (D.E. 190) (together, the "Motions"). In support, Defendants state the following:

**INTRODUCTION**

On September 27, 2019, Defendants filed the above-referenced Motions to draw this Court's attention to serious litigation misconduct by Plaintiffs. Simultaneously with filing this

civil case, Plaintiffs actively "shopped" their theory of the case to their contacts at the Department of Justice ("DOJ") hoping to initiate a criminal investigation of Mr. Lendian. When their efforts were successful, Plaintiffs took advantage of the ongoing investigation and obtained adverse inferences, preliminary injunctions, and leniency for witnesses with favorable testimony. Plaintiffs then used the threat of a criminal indictment and the promise of a "Declination Letter" from the DOJ to try to extort a settlement from Mr. Lendian where Plaintiffs agreed that they would make the criminal investigation "go away" in exchange for Mr. Lendian agreeing to either pay Plaintiffs $10 million dollars or sell his business to Plaintiffs.

Plaintiffs memorialized the improper use of the criminal proceedings in writing. In that regard, Defendants submitted a Settlement Agreement proposed by Plaintiffs to the Court, which provided the following:

> **Consideration**. *As consideration* for entering into this Agreement,
>
> *2.1* **Lendian shall (a) receive a "Declination Letter" from a representative of the U.S. Department of Justice**, *confirming that no further investigative or prosecutorial action will be taken against Lendian in connection with the conduct that served as the basis for the Lawsuit on or before December 13, 2019 (the date Lendian receives such a correspondence is hereinafter referred to as the "DL Date"); and* **Defendants shall (b) make the payments in accordance with Section 3 below following the DL Date**.

Based on these allegations, Defendants requested an evidentiary hearing. (D.E. 189 at 16). In Plaintiffs' Omnibus Response to such Motions, Plaintiffs submitted the Affidavits of Mr. Curtis and Mr. Todd to respond to the Motions. (D.E. 221.) In Defendants' Omnibus Reply, Defendants submitted the Declarations of Mr. Fox and Mr. Ferro refuting the Affidavits of Mr. Curtis and Mr. Todd. Accordingly, Defendants believe that an evidentiary hearing is necessary to address the Motions.

## DISCUSSION

Evidentiary hearings are appropriate where material facts are in dispute on a motion to strike. *See, e.g., Wander v. Am. Airlines*, 79 F. Supp. 3d 1285, 1300 (S.D. Fla. 2015) (noting that the court held a "multi-hour evidentiary hearing"); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1335 (S.D. Fla. 2007) (holding several evidentiary hearings on motion to strike answer and affirmative defenses); *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306-07 (11th Cir. 2009) (holding extensive hearings, including evidentiary hearings, on the issue of sanctions and noting that due process required hearing and notice before imposing cases ending sanctions where the party had disrupted the litigation); *Leor Exploration & Prod., LLC v. Aguiar*, Nos. 09–60136–CIV, 2010 WL 3782195, at *11 (S.D. Fla. Sept. 28, 2010) (holding several evidentiary hearings before striking pleadings where the defendant's actions "more than disrupted the litigation of these two cases, bringing both cases to a standstill").

Similarly, where material facts are in dispute on a motion for disqualification, an evidentiary hearing is required. *See, e.g., United States Commodity Futures Trading Comm. v. Hunter Wise Commodities, LLC*, Case No. 12-81311, 2013 WL 12082739, *6 n.16 (S.D. Fla. Sept. 6, 2013) (citing *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. 4th DCA 2002) (noting that an evidentiary hearing is required "where material facts are in dispute concerning a motion for disqualification."); *State Farm Mutual Automobile Ins. Co. v. Kugler,* Case No. 11-80051, 2012 WL 12868733, *4 (S.D. Fla. June 11, 2012) ("Where the proffered affidavits addressing these factual issues conflict, an evidentiary hearing is required to resolve the disqualification issue."); *United States v. Med-Care Diabetic & Medical Supplies, Inc.,* Case No. 10-81634, 2016 WL 415699, *1 (S.D. Fla. Feb. 8, 2016) (conducting evidentiary hearing on

motion to disqualify); *Armor Screen Corp. v. Storm Catcher, Inc.,* 709 F.Supp.2d 1309, 1310 (S.D. Fla. 2010) (conducting evidentiary hearing on motion to disqualify).

Here, there does not appear to be any question that material facts are in dispute with respect to the Motions.  For example, the parties have taken different positions about the contents of the conversation and the facts conveyed during a telephone call that occurred on May 16, 2019 between Mr. Curtis and Mr. Fox, both of whom have submitted sworn statements relating to the Motions.  While Plaintiffs maintain that Defendants were told on that date that the DOJ had made the decision to decline to prosecute Mr. Lendian under any scenario, Defendants maintain that they did not learn the entirety of this information until August 26, 2019.  This is one of many material facts in dispute.  Because material facts relating to the Motions are in dispute and given the severity of the proposed sanctions, Defendants respectfully request that the Court schedule an evidentiary hearing and grant oral argument on the Motion to Strike (D.E. 189) and the Motion to Disqualify (D.E. 190).  Defendants believe that 3 hours in total hearing time would be adequate.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), the undersigned conferred with counsel for Plaintiffs regarding the relief requested herein and was informed that Plaintiffs oppose Defendants' request for an hearing.

Dated:  October 25, 2019

Respectfully submitted,

By: *s/ Derek E. León*
    Derek E. León
    Florida Bar No. 625507
    James R. Bryan
    Florida Bar No.  696862
    Laurie U. Mathews
    Florida Bar No. 120618
    **León Cosgrove, LLP**
    255 Alhambra Circle, Suite 800
    Coral Gables, Florida 33133
    Telephone: (305) 740-1975
    Facsimile:  (305) 437-8158
    Email: dleon@leoncosgrove.com
    Email: scosgrove@leoncosgrove.com
    Email: jbryan@leoncosgrove.com
    Email: lmathews@leoncosgrove.com
    Email: cmanzano@leoncosgrove..com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 25, 2019, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF.  I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/ Derek E. León*
    Derek E. León