UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60292-BLOOM/Valle

AIM RECYCLING OF FLORIDA, LLC,
and LKQ PICK YOUR PART
SOUTHEAST, LLC,

      Plaintiffs,

v.

METALS USA, INC., UNIVERSAL
SCRAP MANAGEMENT, LLC, OBED
LENDIAN, and SAMUEL ABREU,

      Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiffs AIM Recycling Florida, LLC ("AIM"), and LKQ Pick Your Part Southeast, LLC's ("LKQ") (collectively, "Plaintiffs"), Motion to for Leave to Supplement the Summary Judgment Record with Newly Obtained Recordings of Defendant Obed Lendian. ECF No. [238]. Defendants Metals USA, Inc. ("Metals"), and Obed Lendian ("Lendian") (collectively, "Defendants") filed a Response in Opposition, ECF No. [246] ("Response"), to which Plaintiffs replied, ECF No. [254] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record, and the applicable law, and is otherwise fully advised. For the reasons discussed below, Plaintiffs' Motion is granted.

## I. BACKGROUND

Plaintiffs initiated this RICO[1] action against Metals and Samuel Abreu ("Abreu"), alleging a multi-year conspiracy to steal valuable scrap metal from Plaintiffs' facility, on February 9, 2018,

---
[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO").

ECF No. [1], and the case was originally assigned to the Honorable William J. Zloch, ECF No. [2]. On April 10, 2018, Plaintiffs amended their Complaint, naming Lendian and Universal Scrap Management, LLC ("Universal") as additional defendants. ECF No. [24].[2]

At some point during the litigation, Abreu began cooperating with the Department of Justice ("DOJ"). ECF No. [238] at 3. Pursuant to this cooperation and unbeknownst to Lendian, from February 2018 to May 2018, Abreu began recording telephone conversations between Abreu and Lendian at the request of law enforcement. ECF No. [246] at 1.

Believing that the Defendants were targets of a criminal investigation by the DOJ, on March 1, 2019, Defendants filed a Motion for Temporary Stay. ECF No. [122]. On April 4, 2019, Judge Zloch granted the Motion for Temporary Stay, pending the resolution of Defendants' parallel criminal case. ECF No. [146]. On June 27, 2019, the instant action was reassigned to Judge Beth Bloom. ECF No. [147]. On August 26, 2019, the DOJ provided Defendants with a declination letter, indicating that the criminal investigation was closed and that the DOJ would not be prosecuting. ECF No. [151] at 1-2. On August 28, 2019, after being advised that the DOJ was closing its criminal investigation into Defendants, this Court lifted the stay. ECF No. [154]. Further, the Court set an October 22, 2019, deadline to file all dispositive motions and rescheduled the instant action for trial during the two-week trial calendar beginning on February 2, 2020. *Id.*

Before this action was stayed pending Defendants' criminal prosecution, on February 15, 2019, Plaintiffs filed their Motion for Partial Summary Judgment as to Liability, ECF No. [120], and corresponding Statement of Material Facts in Support of Plaintiffs' Motion for Partial

---

[2] The Motion before the Court today only pertains to Defendants Metals and Lendian, and any reference in this Order's to "Defendants" should be understood as referring only to Metals and Lendian. The two other defendants in this case — i.e., Abreu and Universal — will be referred to as such.

Summary Judgment as to Liability, ECF No. [119]. Plaintiffs' Motion for Partial Summary Judgment was never resolved prior to the case being stayed.

On August 29, 2019, after this Court lifted the stay, Plaintiffs filed their Renewed Motion for Summary Judgment, ECF No. [158], incorporating the Statement of Material Facts from their original Motion for Summary Judgment, ECF No. [119]. On September 12, 2019, Defendants filed their Response in Opposition to Plaintiffs' Motion for Summary Judgment, ECF No. [165], together with their Counterstatement of Disputed Material Facts, ECF No. [166]. The Counterstatement of Disputed Material Facts included as an attachment Lendian's sworn affidavit[3] asserting additional facts that he previously could not testify to, in order to rebut the adverse inferences derived from Lendian's prior invocation of his Fifth Amendment rights. ECF No. [166-1]. On September 19, 2019, Plaintiffs submitted their Reply. ECF No. [171]. Thus, Plaintiffs' Renewed Motion for Partial Summary Judgment became ripe for this Court's review on September 19, 2019.

Additionally, on September 23, 2019, Defendants filed their competing Motion for Summary Judgment, ECF No. [177], and accompanying Statement of Material Facts, ECF No. [178]. Briefing on Defendants' Motion for Summary Judgment was completed on October 11, 2019. *See* ECF No. [212].

Relevant to the instant Motion, upon learning of the DOJ's declination letter on August 26, 2019, Plaintiffs began investigating the possibility of obtaining the recordings of the telephone conversations between Abreu and Lendian. ECF No. [238] at 4. On September 23, 2019, in

---

[3] Further, on September 20, 2019, Plaintiffs filed their Motion to Strike, arguing that Lendian's affidavit and Counterstatement of Material Facts should be stricken because the affidavit was submitted after Lendian previously invoked his Fifth Amendment rights in response to questions posed during his deposition and because Lendian's affidavit was self-serving, conclusory, and had no probative value. ECF No. [175].

compliance with the *Touhy* protocols, Plaintiffs issued subpoenas to both the Fraud Section of the DOJ and to the FBI in order to obtain the recordings. *Id.* Plaintiffs also contemporaneously notified Defendants of these subpoenas, and Plaintiffs provided Defendants with copies of the subpoenas on September 26, 2019. *Id.* at 5-6. Defendants neither objected to, nor moved to quash, the subpoena that resulted in the production of the recordings at issue. *Id.* at 5. On October 1, 2019, the Fraud Section of the DOJ, through the United States Attorney's Office for the Southern District of Florida, produced copies of the requested recordings, which Plaintiffs in turn provided to Defendants in exact copies. *Id.* at 4. Upon receiving the recordings, Plaintiffs immediately engaged a certified third-party vendor to produce certified English transcripts of the recorded conversations, which were all in Spanish. *Id.*

After obtaining the certified English translations of the recordings, on October 28, 2019, Plaintiffs filed the instant Motion, seeking leave to supplement the summary judgment record. *See generally id.* On November 4, 2019, Defendants filed their Response, arguing that the Motion should be denied as untimely because it was filed after the October 22, 2019, deadline to file dispositive motions and that the recordings are not newly discovered evidence. ECF No. [246]. In their Reply, Plaintiffs argue that the Motion is timely because Plaintiffs acted diligently in obtaining the recordings and English translations after this Court lifted the stay in the instant action. ECF No. [254].

## II.  LEGAL STANDARD

Courts within the Southern District have cautioned that "limited circumstances warrant the filing of supplemental materials. Supplements are to be used only for newly discovered evidence or information." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011). "Generally speaking, a Court should only grant a motion to supplement

4

a summary judgment record where such evidence was not available prior to the motion's filing." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-Orl-40TBS, 2015 WL 12843841, at *2 (M.D. Fla. Sept. 30, 2015) (citing *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)). As such, "a party may file a supplement when, through no fault of the filing party, certain relevant materials were not in the party's possession at the time that the party filed its motion, response, or reply," or when such materials were not known to exist at the time of filing. *Girard*, 2011 WL 4345443, at *3. However, the unavailability of supplementary materials cannot be the product of the filing party's own failure to diligently discover such evidence. *See Kerruish v. Essex Holdings, Inc.*, No. 16-cv-60877, 2018 WL 5629924, at *3 n.8 (S.D. Fla. Mar. 23, 2018), *aff'd*, 777 F. App'x 285 (11th Cir. 2019). Similarly, "[s]upplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before." *Girard*, 2011 WL 4345443, at *3.

Nonetheless, district courts have wide discretion to manage their own dockets. *Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (noting that a district court has the inherent power "to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases"). Furthermore, courts have an interest in resolving cases on their merits. *Selectica, Inc.*, 2015 WL 12843841, at *2. Thus, a court may permit parties to supplement the summary judgment record with newly discovered or previously unavailable evidence, where doing so would allow for the "efficient and expedient resolution" of the case on the merits. *Dietz*, 136 S. Ct. at 1888-89; *Selectica, Inc.*, 2015 WL 12843841, at *2; *compare Selectica, Inc.*, 2015 WL 12843841, at *2 (permitting supplementation of the summary judgment record after the deadline to file dispositive motions had passed), *with Marajh v. Broadspire Servs., Inc.*, No. 07-60975-CIV, 2008 WL 5063870, at *11 (S.D. Fla. Nov. 21, 2008) (denying motion to supplement the summary judgment record with newly obtained discovery that

was filed after the deadline for filing dispositive motions, noting that the party failed to move for an extension of time and the motion for summary judgment was filed while the party's discovery requests were pending).

## III. DISCUSSION

In their Motion, Plaintiffs argue that they should be granted leave to supplement the summary judgment record with the recordings at issue because they could not have requested the recordings before the DOJ closed its criminal investigation and this Court lifted the stay in the civil action. Additionally, Plaintiffs assert that, upon learning of the DOJ's declination letter, they acted with reasonable diligence to obtain the recordings and that they could not have produced the recordings by the time they filed their Reply to their Renewed Motion for Summary Judgment on September 19, 2019.

Defendants, however, argue that the Motion is untimely because Plaintiffs knew of the existence of these recordings for over a year, yet they failed to subpoena the recordings until after the briefing concluded on Plaintiffs' Renewed Motion for Summary Judgment. Moreover, Defendants allege that Plaintiffs' untimeliness is further supported by their failure to produce the recordings by the October 22, 2019, dispositive motion deadline and their failure move for an extension of time to file the evidence. Nonetheless, Defendants state that the recordings do not eliminate the genuine issues of material fact that preclude summary judgment in Plaintiffs' favor.

In their Reply, Plaintiffs note that Defendants do not challenge the validity, reliability, or accuracy of the recordings, and they do not cite to any legal authority to counter Plaintiffs' arguments. Plaintiffs also contend that their Motion is timely because they promptly moved to supplement the record once the recordings and translations were in their possession.

As an initial matter, the Court reiterates that at no point did Defendants object to or move to quash the subpoenas that Plaintiff issued to obtain the recordings of conversations between Abreu and Lendian. Likewise, Defendants do not challenge the validity, reliability, or accuracy of these recordings in their Response. Instead, Defendants only contest the timeliness of the supplementation of the summary judgment record. Yet, even with regard to their arguments on timeliness, Defendants do not provide any support for their position that Plaintiffs' delay in obtaining the recordings in this case was unreasonable.

The facts of the instant case do not establish that Plaintiffs' lack of diligence caused the delay in obtaining the recordings and translations. Instead, upon learning that the DOJ was declining prosecution, Plaintiffs immediately began investigating how to obtain these recordings from the DOJ and notified Defendants once the subpoenas had issued. Based on their efforts, Plaintiffs were able to obtain the recordings thirty-three days after this Court lifted the stay in the civil action. Additionally, upon the production of these recordings, Plaintiffs worked diligently to obtain certified English translations. Thus, this is not a case where the unavailability of supplementary materials is the product of Plaintiffs' own failure to diligently discover such evidence. *Kerruish*, 2018 WL 5629924, at *3 n.8. Rather, Plaintiffs could not obtain the relevant recordings until the DOJ closed its criminal investigation into Defendants and this Court lifted the stay in the instant action. *See, e.g.*, *Selectica, Inc.*, 2015 WL 12843841, at *2 (permitting supplementation of evidence the party did not obtain until after filing its response to the motion for summary judgment); *cf. Martin v. Halifax Healthcare Sys., Inc.*, 621 F. App'x 594, 600 (11th Cir. 2015) (denying supplementation when evidence was previously available for more than six months prior to the party's response to the motion for summary judgment); *Marajh*, 2008 WL 5063870, at *11 (denying supplementation when party filed its motion for summary judgment

while its discovery requests were pending and then sought to supplement the record with the evidence later produced pursuant to these discovery requests).

Moreover, this Court has an interest in resolving cases on their merits. Considering these recordings when examining each party's motion for summary judgment will further support this interest, especially given the likelihood that these recordings would likely be admissible at trial. *Selectica, Inc.*, 2015 WL 12843841, at *2. Any prejudice to Defendants that may result from the admission of these recordings can be remedied through supplemental briefing on the motions for summary judgment.

Accordingly, the Court concludes that, through no fault of the Plaintiffs, the recordings of telephone conversations between Abreu and Lendian were unavailable prior to the conclusion of the briefing on Plaintiffs' Renewed Motion for Summary Judgment. The Court further concludes that Plaintiffs acted with reasonable diligence in obtaining these recordings once the criminal investigation was closed and the stay was lifted in this action. Therefore, the Court grants Plaintiffs' Motion for Leave to Supplement the Summary Judgment Record with Newly Obtained Recordings of Defendant Obed Lendian. Further, as set forth below, the Court will permit the parties to revise their motions for summary judgment, and their supporting and opposing submissions, to incorporate any additional arguments regarding the recordings.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to for Leave to Supplement the Summary Judgment Record with Newly Obtained Recordings of Defendant Obed Lendian, **ECF No. [238]**, is **GRANTED**.

2. Plaintiffs' Renewed Motion for Summary Judgment, **ECF No. [158]**, is **DENIED AS MOOT**.

3. Plaintiffs' Motion to Strike Obed Lendian's Affidavit and Counter Statement of Material Facts, **ECF No. [175]**, is **DENIED AS MOOT**.

4. Defendants' Motion for Summary Judgment, **ECF No. [177]**, is **DENIED AS MOOT**.

5. In the interest of providing all parties with a fair and sufficient opportunity to incorporate all facts and fully brief the additional legal issues presented by the recordings, the Court's Scheduling Order is revised as follows:

    a. The parties are permitted to file revised motions for summary judgment **by no later than November 26, 2019**.

    b. The responses, if any, to these revised motions for summary judgment must be filed **no later than December 10, 2019**.

    c. Any replies must be filed **by December 17, 2019**.

    d. No extensions of time will be permitted.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record