# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60292-BLOOM/Valle

AIM RECYCLING OF FLORIDA, LLC
and LKQ PICK YOUR PART
SOUTHEAST, LLC,

      Plaintiffs,

v.

METALS USA, INC., UNIVERSAL
SCRAP MANAGEMENT, LLC, OBED
LENDIAN, and SAMUEL ABREU,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendants Metals USA, Inc. ("Metals USA") and

Obed Lendian's ("Lendian") (collectively, "Defendants")[1] Motion *in Limine*, ECF No. [224]

("Defendants' Motion"), and Plaintiffs AIM Recycling of Florida, LLC ("AIM") and LKQ Pick

Your Part Southeast, LLC's ("LKQ") (collectively, "Plaintiffs") Amended Motion *in Limine*, ECF

No. [233] ("Plaintiffs' Motion"), (collectively, the "Motions"). The Court has carefully reviewed

the Motions, all opposing and supporting submissions, the attached exhibits, the record in this case,

the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants'

Motion *in Limine* is granted in part and denied in part, and Plaintiffs' Amended Motion *in Limine*

is granted in part and denied in part.

---

[1] The Motions before the Court today pertain only to Defendants Metals USA and Lendian. Any reference
in this Order to "Defendants" should be understood as referring only to Metals USA and Lendian.

## I.   BACKGROUND[2]

In Defendants' Motion, they move to preclude Plaintiffs from introducing the following at the upcoming trial:

   a.   Any evidence of Lendian's prior invocation of his Fifth Amendment privilege;

   b.   Any reference to, and any evidence obtained from, the Department of Justice's ("DOJ") criminal investigation;[3]

   c.   Any reference to the failure of a party to call a witness equally available to all parties;

   d.   Any references to the motions *in limine*;

   e.   Any reference to discovery disputes between the parties; and

   f.   Any references to persons or the purported testimony of persons who have not been properly and timely disclosed in the responses to written discovery or in the Rule 26 disclosures.

Similarly, in Plaintiffs' Motion, they move to preclude Defendants from introducing the following at the upcoming trial:

   a.   Any evidence or argument of the DOJ's previous criminal declination as a basis for non-liability;

   b.   Any evidence or argument of Plaintiffs' alleged prior bad acts; and

   c.   Any evidence or argument of Plaintiffs' "extortion" of Defendants.[4]

The Court will address each Motion individually below.

---

[2] The Court assumes that the parties are familiar with the facts of this case. *See* ECF No. [276].

[3] In their Reply, Defendants withdrew this motion *in limine* in light of the Court's ruling, *see* ECF No. [250], on Defendants' Motion to Strike Plaintiffs' Pleadings, ECF No. [189], and their Motion for Order to Show Cause Why Counsel for Plaintiffs Should Not Be Disqualified, ECF No. [190], (collectively, the "Disqualification Motions").

[4] In their Motion, Plaintiffs indicated that this motion *in limine* would be rendered moot if the Court were to deny the Disqualification Motions. The Court ultimately denied the Disqualification Motions, *see* ECF No. [250], which thus rendered Plaintiffs' motion *in limine* on the alleged "extortion" of Defendants moot.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III. DISCUSSION

### A. Defendants' Motion

#### 1. Evidence of Lendian's prior invocation of his Fifth Amendment privilege

Defendants first argue that Plaintiffs should be precluded from mentioning Lendian's prior Fifth Amendment invocation pursuant to Rules 401 and 403 because this evidence has little probative value and any probative value is substantially outweighed by the danger of misleading the jury. Plaintiffs, however, argue that they should be allowed to present evidence relating to Lendian's Fifth Amendment invocation because such invocations are highly probative of his culpability and this probative value outweighs any possible prejudice.

The Court, in its Omnibus Order on the parties' competing motions for summary judgment, has already determined that Lendian's withdrawal of his Fifth Amendment invocation was permissible under the circumstances of the instant case. *See* ECF No. [276] at 15-27. Specifically, the Court emphasized that, upon learning of the DOJ's declination letter, Defendants immediately notified Plaintiffs of Lendian's availability to sit for a supplemental deposition. *Id.* at 21-22. Further, Lendian's withdrawal of his Fifth Amendment invocation came at the first opportunity before the close of discovery. *Id.* at 22-23. Thus, the Court concluded that Lendian's withdrawal

of his Fifth Amendment invocation was permissible because it was not done to delay or frustrate the litigation and resolving the case based on all the relevant facts outweighed the prejudice to Plaintiffs. *Id.* at 23-24.

With regard to the instant motion *in limine*, the Court finds that Lendian's Fifth Amendment invocation has little probative value here. Further, any probative value of the prior assertion of Lendian's Fifth Amendment rights is substantially outweighed by the dangers associated with the introduction of such evidence, especially given that Lendian asserted the privilege due to an ongoing criminal investigation and he withdrew his Fifth Amendment invocation before the close of the discovery period. *Cf. Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 948 (11th Cir. 1990) (noting party's refusal to submit to examination under oath after Fifth Amendment invocation). Allowing Plaintiffs to benefit from this invocation when they had the opportunity to re-depose Lendian upon his valid withdrawal of the invocation before the close of discovery would be unduly prejudicial. Thus, Defendants' motion *in limine* on the issue of Lendian's Fifth Amendment invocation is granted.

### 2. References to the failure of a party to call a witness equally available to all parties

Defendants also contend that any reference to a party's failure to call a witness equally available to all parties should be excluded under Rules 401 and 403 because the decision on whether to call a witness is a tactical decision that is of little relevance and would only serve to confuse the issues and mislead the jury. Plaintiffs generally agree to exclude reference to the failure of a party to call a witness equally available to all parties, but they reserve the right to counter any statement or argument made by Defendants that Plaintiffs could have called a witness but chose not to. Plaintiffs state that they will address the issue with the Court and Defendants before attempting to make any such argument. Accordingly, such evidence shall be excluded. However,

to the extent that Defendants "open the door" regarding a party's failure to call a witness that was equally available to all parties, such evidence may become relevant, and "the court may alter its ruling based on [such] developments at trial or on its sound judicial discretion." *Id.*

### 3. References to the motions *in limine*

Further, Defendants move under Rule 403 to exclude any reference to the instant Motions for the purpose of demonstrating that a party sought to exclude any matter relevant to this action because the introduction of such evidence is inherently prejudicial to either side and has the potential to confuse or mislead the jury. Plaintiffs agree not to make any reference to the parties' motions *in limine* unless they unexpectedly become an issue at trial, at which point Plaintiffs state that they will address the issue with the Court and Defendants before attempting to make any such reference. Based on this agreement, any references to the parties' motions *in limine* will be excluded.

### 4. References to discovery disputes between the parties

Defendants request that any reference to discovery disputes or motions to compel discovery in this case be excluded under Rules 401 and 403 because such evidence is not relevant to the case and is prejudicial and confusing to the jury. Plaintiffs agree not to reference any discovery disputes between the parties unless they unexpectedly become an issue at trial, at which point Plaintiffs state that they will address the issue with the Court and Defendants before attempting to make any such reference. Therefore, any references to discovery disputes between the parties in this case shall be excluded.

5. **References to persons or the purported testimony of persons who have not been properly and timely disclosed in the responses to written discovery or in the Rule 26 disclosures**

Defendants move, under Rule 801 and Federal Rule of Civil Procedure 26, for the testimony of any person who has not been properly and timely disclosed in written discovery responses or in Rule 26 disclosures to be excluded. Defendants also request that all in-court references to other individuals' statements be excluded as impermissible hearsay. Plaintiffs argue that this motion *in limine* is improper because it requests enforcement of black-letter procedural and evidentiary rules, rather than case-specific issues. The Court agrees.

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV-COOKE, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). Further, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden*, 2001 WL 617521, at *1 (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D. N.Y. 1996)).

Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Defendants' final motion *in limine* is overbroad in that it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden*, 2001 WL 617521, at *1 (citation omitted). The Court cannot categorically exclude the testimony of any potential witness that was not timely disclosed, if any such testimony is submitted to the Court, without first being apprised of the nature of the testimony and providing Plaintiffs with an opportunity to establish that their failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Mitchell*, 318 F. App'x at 824. As such, this request is denied. Moreover, the request to exclude in-court references to other individuals' testimony is also denied for the same reasons, but may be renewed at trial based upon proper legal objections. *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) ("Generally, a party must object to preserve error in the admission of testimony, even when a party or a court violates an *in limine* ruling."). Until the nature of such testimony is known, however, this motion is premature. *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003).

Lastly, to the extent that Defendants are requesting that the Court enforce the rules governing trial, this request is not properly the subject of a motion *in limine*. *Holder*, 2018 WL 4956757, at *1.

### Plaintiffs' Motion

### 1. Evidence of the DOJ's previous criminal declination as a basis for non-liability

Plaintiffs first move, pursuant to Rules 401, 402, and 403, to exclude evidence or argument of the DOJ's declination of criminal prosecution against Defendants as a basis for proving a Defendants' non-liability in this action. Defendants oppose this motion, arguing that allowing Plaintiffs to introduce evidence of the criminal investigation and the evidence derived from this

investigation, while simultaneously excluding evidence of the DOJ's ultimate declination letter would be unduly prejudicial to Defendants and would mislead the jury.

As an initial matter, the Court notes that Defendants mischaracterize the nature of Plaintiffs Motion. As Plaintiffs explain, they do not oppose the introduction of *all* evidence related to the criminal declination. Rather, Plaintiffs request that the Court exclude the introduction of such evidence to specifically establish Defendants' non-liability in the instant civil action.

Nevertheless, the Court believes that *any* evidence of or reference to the DOJ's criminal investigation into Lendian or Metals USA would be highly prejudicial and immaterial in this case. *See Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986) (noting that "the different standards of proof between a criminal prosecutorial decision and a civil case might mislead the jury"); *see also State Farm Mut. Auto. Ins. Co. v. Romano*, No. 12-20438-CIV, 2013 WL 12061865, at *2 (S.D. Fla. Oct. 30, 2013). The admission of such evidence would only serve to confuse and mislead the jury on the issues that are relevant in making a determination on Plaintiffs' RICO and unjust enrichment claims. *See Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-CV-2465-T-33AEP, 2011 WL 4356201, at *2 (M.D. Fla. Sept. 19, 2011). While the parties are permitted to introduce evidence relating to the criminal investigation into *Abreu*, such as the recordings of telephone conversations between Abreu and Lendian, the Court will not permit any references, implications, or evidence of the underlying criminal investigation into Lendian or Metals USA at trial. Therefore, Plaintiffs' motion *in limine* is granted in part and denied in part.

## 2. Evidence of Plaintiffs' alleged prior bad acts

Plaintiffs also seek to exclude any evidence or reference to Plaintiffs' alleged prior bad acts — e.g., evidence that Plaintiffs allegedly engaged in the sale or purchase of ferrous metals before

7:00 a.m. in violation of § 538.18-.28, Florida Statutes — under Rules 401, 402, and 403 because such evidence is not probative of any fact in this case and the admission of such evidence would be unduly prejudicial because it would confuse and mislead the jury. Further, Plaintiffs move to exclude evidence of any alleged prior bad acts because Defendants have not asserted an affirmative defense of unclean hands. Defendants, however, argue that the evidence of Plaintiffs' prior bad acts is relevant to rebut Plaintiffs' arguments that, by purchasing ferrous materials before 7:00 a.m., Defendants knew that their scrap purchases from Abreu were improper or illicit.

The Court concludes that, to the extent that Plaintiffs open the door to Defendants' alleged violations of § 538.18-.28, rebuttal evidence of Plaintiffs' similar conduct that establishes a regular practice in the industry of purchasing ferrous materials before 7:00 a.m. is relevant because it tends to disprove Plaintiffs' claims that Defendants should have known that the materials purchased by Abreu were stolen, given the time the sales occurred. Further, any prejudice to Plaintiffs from the introduction of such evidence does not rise to the level of prejudice that would warrant exclusion. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only Unfair prejudice, Substantially [sic] outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . . As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."); *Patrick*, 513 F. App'x at 886 (citing *Lopez*, 649 F.3d at 1247; *Alfaro-Moncada*, 607 F.3d at 734). Accordingly, Plaintiffs' motion *in limine* on the issue of their alleged prior bad acts is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [224]**, is **GRANTED in part and DENIED in part** consistent with this Order.

2. Plaintiffs' Motion, **ECF No. [233]**, is **GRANTED in part and DENIED in part** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record